## DISTRICT ATTORNEY FOR THE EASTERN DISTRICT *vs.* LYNN AND BOSTON RAILROAD COMPANY.

The erection or continuance of a public nuisance may be restrained upon an information in equity by the attorney general or other law officer of the Commonwealth, either *ex officio* or upon the relation of a private person

The testimony of the superintendent and a director of an incorporated turnpike company and of one other person, to the effect that a horse railroad track about to be constructed under an agreement with the turnpike company, on the side of the turnpike road, leaving unobstructed the travelled road of such width as the turnpike company is required by its charter to maintain, will be an obstruction to the public travel and a public nuisance, is not sufficient to overcome the presumption that the turnpike company, being charged by law with maintaining their road in a fit condition for public travel, will not

permit acts which will interfere with and obstruct it; nor warrant a court of equity in restraining by injunction the laying of the track.

The construction of a track for a horse railroad over a turnpike road, under an agreement with the turnpike company, by a corporation, whose charter contains a restriction making it " void so far as relates to the right to construct the said road in any town until the act has been accepted by the selectmen," will not be restrained by injunction as a nuisance in a town traversed by the turnpike road, merely because the selectmen of the town have not accepted the charter.

INFORMATION IN EQUITY by the district attorney for the eastern district, at the relation of the selectmen of the town of Saugus, to restrain the defendants from laying a track for a horse railroad within the limits of that town.

The information alleged that the defendants were incorporated by the *St.* of 1859, *c.* 202, with authority to construct, maintain and use a railroad from North Chelsea to Lynn, passing through Saugus, over the Salem and Boston Turnpike, and through and over such streets and highways as the mayor and aldermen and the selectmen of the respective cities and towns might designate ; that by the fifteenth section of their charter it was declared that " this act shall be void, so far as relates to the right to construct the said road in either of said towns and cities, unless the same shall be accepted by the selectmen of such towns or the mayor and aldermen of such cities respectively ; " that the selectmen of Saugus had never accepted that act; that the defendants were about to lay a track in Saugus on the Salem and Boston Turnpike, a public way established by law for the accommodation of the public ; and that the digging up of the soil and other interruptions and obstructions to the public travel, necessary for laying the track, and the track, when constructed, would be a public nuisance.

The answer of the defendants, upon the oath of their president, admitted the truth of most of the statements in the information ; but justified under proceedings and agreements with the Salem and Boston Turnpike Corporation, in accordance with the authority conferred upon the defendants by their charter ; and denied that the laying and construction of their track would interfere with the public travel or be a public nuisance, or that the court had jurisdiction of the case in equity.

At the hearing before *Hoar*, J., it appeared that the Salem and Boston Turnpike was a road constructed and maintained by a corporation established by *St.* 1801, *c.* 63, and had not been laid out as a public way; that the defendants' railroad track was to be constructed under an agreement between them and that corporation, by the side of and on a level with the turnpike road, not crossing it within the limits of Saugus, crossing no public highway, and leaving twenty four feet in width of the travelled part of the turnpike entirely unobstructed, and could be finished in a fortnight; and that the turnpike company was not required by its charter to maintain a roadway more than twenty four feet in width. The only evidence offered to show that the intended acts of the defendants would be a public nuisance was the testimony of the superintendent, a director of the turnpike company, and one other witness, that the turnpike road was used constantly by heavy teams, and that the laying of the defendant's track would make the road muddy, and would interfere with and obstruct the public travel over it. The case was reserved for the decision of the full court.

*S. W. Bates*, for the informant and relators, cited Gen. Sts. *c.* 14, § 18; *County Attorney* v. *May*, 5 Cush. 336; *Commonwealth* v. *Union Fire & Marine Ins. Co.* 5 Mass. 230; *Goddard* v. *Smithett*, 3 Gray, 125; *Dartmouth College* v. *Woodward*, 4 Wheat. 636; *Commonwealth* v. *Wilkinson*, 16 Pick. 175; *Murray* v. *County Commissioners*, 12 Met. 455; *Commonwealth* v *Nashua & Lowell Railroad*, 2 Gray, 54; *Grew* v. *Broadway Railroad*, 23 Law Reporter, 341; *Sts.* 1854, *c.* 435; 1857, *c.* 256.

*P. W. Chandler & G. O. Shattuck*, for the defendants, cited *Attorney General* v. *Sheffield Gas Consumers Co.* 3 DeGex, Macn. & Gord. 304; *Attorney General* v. *London*, 8 Beav. 286, 287; *Attorney General* v. *St. Aubyn*, Wightw. 167; *Ripon* v. *Hobart*, Coop. temp. Brougham, 333; *Graves* v. *Shattuck*, 35 N. H. 257; *Attorney General* v. *Utica Ins. Co.* 2 Johns. Ch. 371; *Georgetown* v. *Alexandria Canal*, 12 Pet. 98; *Cummings* v. *Barrett*, 10 Cush. 186; 2 Story Eq. Jur. § 924 *a*; *Commonwealth* v. *Essex Co.* 13 Gray, 239; *Williams* v. *Hingham & Quincy Bridge & Turnpike*, 4 Pick. 341; Gen. Sts. *c.* 62, § 12.

BIGELOW, C. J. The authority of the attorney general, or other law officer empowered to represent the government, to file an information in equity to restrain and prevent a public nuisance seems to be well established in England. It may be done by him, either *ex officio,* or upon the relation of persons who have an interest in the subject matter of the bill and whose private rights may be protected by the decree which is sought mainly on the ground of a public injury. 1 Dan. Ch. Pract. 11. 3 Dan. Ch. Pract. 1858. 2 Story Eq. Jur. §§ 921, 926. *Kerrison* v. *Sparrow,* Coop. 305. *Attorney General* v. *Johnson,* 2 Wils. Ch. 87. *Attorney General* v. *Forbes,* 2 Myl. & Cr. 129, 133. Although in some of the earlier cases this jurisdiction was sparingly exercised, yet in recent practice it seems to have been more frequently resorted to as affording a convenient and speedy remedy. Nor are we able to see that any serious objection exists to this method of reaching and restraining a public nuisance. By it a nuisance which is threatened or in progress can be arrested, which cannot be done by proceedings at law; an injunction is more complete in its operation, because it prevents future acts as well as restrains present nuisances; and it affords a more prompt and immediate relief than could be obtained by other process. It is therefore a salutary power if exercised with discretion and confined within reasonable limits. Those limits are well defined. A court of equity will not interfere by injunction to restrain a public nuisance unless the existence of the nuisance is clearly established upon full and satisfactory evidence. If the proof is conflicting and the injury to the public uncertain or doubtful, the court will withhold its interposition. *Ripon* v. *Hobart,* Coop. temp. Brougham, 333, and 3 Myl. & K. 169. *Attorney General* v. *Sheffield Gas Consumers Co.* 3 DeGex, Macn. & Gord. 639. 2 Story Eq. Jur. § 924 *a.*

We have carefully considered the case made by the relators in support of the prayer for relief contained in the bill, and are clearly of opinion that there is no substantial ground for asking for the interposition of this court. It is not alleged that the defendants intend or threaten to construct their road in, upon

or across any common highway or street in the town of Saugus, without the permission of the selectmen of that town as required by § 1 of the *St.* of 1859, *c.* 202, by which the defendants are incorporated. By the information, answer and proofs it appears that they propose only to construct their track over and upon the Salem and Boston Turnpike, a road constructed and maintained by a corporation duly authorized for that purpose, and charged by law with the care, safety and suitable repairs of said road, so that it may always be in a condition fit for public travel. It also appears that the defendants are acting in the construction of their track with the sanction and assent of the turnpike corporation, in accordance with a contract into which they have entered with that corporation in pursuance of a power expressly granted to them by § 3 of the act aforesaid. To the exercise of this power the consent or sanction of the selectmen of the town is not required. There is no ground therefore for the position that the acts of the defendants are in any respect unauthorized or illegal. Nor are we able to see anything in the evidence which tends to show that construction of the proposed railroad over said turnpike road will create any serious or continued hindrance or obstruction to public travel therein. In the absence of any evidence to the contrary, the reasonable presumption is that the officers of the turnpike corporation will perform their legal duty, and will not assent to or permit any act to be done by the defendants which will seriously interrupt or incommode persons having occasion to use the turnpike road which they are bound to keep in a safe and convenient condition for travel. There is certainly no evidence before us to overcome this presumption or to lead to the inference that any nuisance or public wrong will be committed by the defendants in exercising the rights and privileges conferred upon them by their charter. Upon the case therefore as now presented the order must be *Information dismissed, without prejudice.*